■ ALBERT P. TRIANA, JR., Plaintiff, v CHASE MANHATTAN BANK, N. A., Defendant and Third-Party Plaintiff-Respondent. LOPEZ & ROMERO et al., Third-Party Defendants-Appellants. [704 NYS2d 76] —Order, Supreme Court, New York County (Jane Solomon, J.), entered April 30, 1999, which, *inter alia*, denied third-party defendants' cross motion to dismiss the third-party complaint, and granted third-party plaintiff's motion to disqualify third-party defendants from acting as attorneys for plaintiff in the main action, unanimously reversed, on the law, with costs, the motion to dismiss the third-party complaint granted, and the motion to disqualify denied. The Clerk is directed to enter judgment in favor of third-party defendants dismissing the third-party complaint.

In this action to recover for the wrongful withdrawal of funds from the decedent's checking account subsequent to the decedent's death, the third-party complaint against plaintiff estate's attorneys fails to sufficiently set forth a claim for contribution and/or indemnification based on the third-party defendant attorneys' purported failure to notify defendant bank of the decedent's death. The record reveals that the attorneys advised an employee of the bank of decedent's death and delivered to the employee a copy of the death certificate and a

Surrogate Court's order to examine decedent's safety deposit box. This notification occurred approximately three weeks prior to the bank's first payment of 12 checks bearing decedent's forged signature. The bank's failure to properly train its employees or to establish proper procedures does not permit it to transfer its own liability to the attorneys for the misfeasance or non-feasance of its employees in allowing third persons to fraudulently withdraw monies.

Moreover, defendant bank's obligation to refrain from disbursing depositors' funds upon the presentation of a forged endorsement remained constant throughout the life of the depositor, and did not change upon the depositor's death. Defendant bank has not established that such responsibility should be shifted to third-party defendant attorneys. Accordingly, third-party plaintiff has failed to state a cause of action, the third-party complaint should have been dismissed and third-party defendants were improperly disqualified from representing plaintiff in this action. Concur—Lerner, J. P., Saxe, Buckley and Friedman, JJ.